IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK GRANGETTO,<br><br>         Plaintiff,<br><br>    vs.<br><br>KYUNGTAK MINN, et al.,<br><br>         Defendants.<br>_____/ | 1:10-cv-0701-AWI-SKO-PC<br><br>ORDER ADOPTING FINDINGS<br>AND RECOMMENDATIONS<br>(Doc. 25.)<br><br>ORDER GRANTING DEFENDANT'S<br>MOTION TO DISMISS AND DISMISSING<br>COMPLAINT WITH LEAVE TO AMEND |

   Mark Grangetto ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

   On November 11, 2010, the Magistrate Judge issued Findings and Recommendations that Plaintiff's first amended complaint be dismissed with leave to amend.  The Findings and Recommendations contained notice that any objections were to be filed within thirty (30) days after service of the order.  On December 10, 2010, Plaintiff filed objections to the Magistrate Judge's Findings and Recommendations.

   In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this Court has conducted a de novo review of this case.  Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds the Findings and Recommendations to be supported

1

by the record and proper analysis. In the objections, Plaintiff contends that the Magistrate Judge did not follow the liberal pleading standards found in Rule 8 of the Federal Rules of Civil Procedure. In reviewing a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, all of the complaint's material allegations of fact are taken as true, and the facts are construed in the light most favorable to the non-moving party. Marceau v. Balckfeet Hous. Auth., 540 F.3d 916, 919 (9th Cir. 2008); Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1999). The court must also assume that general allegations embrace the necessary, specific facts to support the claim. Smith v. Pacific Prop. and Dev. Corp., 358 F.3d 1097, 1106 (9th Cir. 2004). However, the court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1056-57 (9th Cir. 2008); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). Although they may provide the framework of a complaint, legal conclusions are not accepted as true and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009); see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003). As the Supreme Court explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). As explained by the Magistrate Judge, the first amended complaint does not meet this standard. Nothing in the objections convinces the court the Magistrate Judge's determination was incorrect.

Accordingly, THE COURT HEREBY ORDERS that:

1. The Findings and Recommendations issued by the Magistrate Judge on November 12, 2010, are adopted in full;
2. Defendants' motion to dismiss is GRANTED; and
3. Plaintiff's first amended complaint is DISMISSED with leave to file an amended complaint within thirty (30) days.

IT IS SO ORDERED.

Dated:   February 3, 2011

CHIEF UNITED STATES DISTRICT JUDGE